IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:21-CR-8-FL-1
NO. 7:25-CV-1574-FL

| | | |
|---|---|---|
| TONYAL LOCKLEAR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motions for leave to file notice of appeal out of time (DE 76), to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE 79, 83), and to vacate indictment (DE 89). Respondent filed motion to dismiss (DE 86) the § 2255 motion and did not respond to remaining motions. In this posture, the issues raised are ripe for ruling.

Petitioner's motion to vacate or set aside his judgment of conviction is untimely for the reasons explained in respondent's motion to dismiss, reasoning of which the court adopts herein. In addition, petitioner does not establish grounds for equitable tolling of the statute of limitations. See Holland v. Florida, 560 U.S. 361 (2010). The court lacks jurisdiction to grant the relief requested in petitioner's remaining motions to the extent they challenge his judgment of conviction. See 28 U.S.C. § 2255; Jones v. Hendrix, 599 U.S. 465, 469 (2023).

As to the motion for leave to file untimely appeal, the deadline to file notice of appeal in a criminal case is not jurisdictional. See United States v. Brantley, 87 F.4th 262, 265 (4th Cir. 2023). The court therefore will accept this filing as a notice of appeal and transmit the record to the United

States Court of Appeals for the Fourth Circuit. The court observes that the notice of appeal plainly is untimely under Federal Rule of Appellate Procedure 4(b), but any motion to dismiss on that ground should be raised in the first instance in the court of appeals. See Brantley, 87 F.4th at 264–63.

Based on the foregoing, petitioner's motions to vacate (DE 79, 83) are DENIED. Having reviewed and considered those motions under the governing standard, a certificate of appealability also is DENIED. Respondent's motion to dismiss (DE 86) is GRANTED. Petitioner's remaining motion to vacate (DE 89) is DISMISSED without prejudice for want of jurisdiction. Finally, the clerk is DIRECTED to terminate docket entry 76 as an active motion, recharacterize the filing as a notice of appeal, and transmit the record to the court of appeals.

SO ORDERED, this the 14th day of May, 2026.

 

 

LOUISE W. FLANAGAN
United States District Judge